IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cr-40019-SMY |
| | ) |
| MARCUS T. MOORE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court on the Defendant Marcus T. Moore's Post Trial Motion and Memorandum for a New Trial (Doc. 47). The United States of America opposes the motion (Doc. 48).

## Background

On May 14, 2024, Magistrate Judge Reona J. Daly entered an Order Regarding Pre-Trial Discovery and Motion Practice which specifically provided "(7)…**Any request to continue the initial trial setting shall include a request to likewise extend the deadline for filing pretrial motions, if additional time is needed.**" (Doc. 13). Moore's first motion to continue the final pre-trial conference and jury trial included a request to extend the time to file pretrial motions (Doc. 17). However, his subsequent four motions requesting a continuance did not include a request to extend the pretrial motion filing deadline (Docs. 22, 24, 26, 28).

On May 20, 2025, the day before the final pretrial conference, Moore filed a motion to suppress, alleging the underlying traffic stop, search, and seizure were improper (Doc. 32). The motion was denied as untimely because the deadline for pretrial motions had not been extended or reset when the trial settings were continued (Doc. 34). The case proceeded to a jury trial, and

Moore was found guilty (Doc. 43). Moore has now filed a "Post Trial Motion and Memorandum for a New Trial" arguing the denial of his motion to suppress as untimely denied him a fair trial (Doc. 47).

## Discussion

Motions to suppress must be made before trial if the basis for the motion is reasonably available at that time. *F.R.Cr.P.* 12(b)(3)(C). The court may set deadlines for pretrial motions, extend deadlines for pretrial motions, or reset deadlines for pretrial motions. *F.R.Cr.P.* 12(c). Under Rule 12(c)(3), if a party fails to file a pretrial motion by any deadline set by the court, the party seeking relief must show "good cause" for its untimeliness. *F.R.Cr.P.* 12(c)(3). Absent good cause, courts are foreclosed from reviewing untimely suppression arguments. *See United States v. Jacobs*, 134 F.4th 977, 983 (7th Cir. 2025) (failure to move to suppress evidence out of neglect is considered a forfeiture of that argument); *see also United States v. Hopper*, 934 F.3d 740, 761-762 (7th Cir. 2019).

Here, Moore's motion to suppress was untimely. Moore admits in his post trial motion that his motion was filed beyond the deadline set by court order. (Doc. 47 at pp. 1-2). But his counsel asserts the untimely filing was due to him being out due to illness for a period of time.

The Court conducted a telephonic hearing on Defendant's last motion to continue on February 18, 2025. Defendant's motion was granted, and the final pretrial conference and jury trial dates were reset to May 21, 2025 and June 9, 2025, respectively. Significantly, Counsel did not seek an extension or request additional time to file pretrial motions during the hearing. Instead, without leave of court, he filed the motion to suppress on the eve of the final pretrial conference. These facts do not support a finding of "good cause" for the untimely filings. As such, Moore has forfeited his argument that the denial of the motion denied him a fair trial.

For the foregoing reasons, Moore's Post Trial Motion and Memorandum for a New Trial (Doc. 47) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: July 15, 2025**

**STACI M. YANDLE**
**United States District Judge**